UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADAM SMITH (#70741)  CIVIL ACTION

VERSUS

SHERYL RANATZA  NO. 16-279-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 23, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADAM SMITH (#70741)                                             CIVIL ACTION

VERSUS

SHERYL RANATZA                                                  NO. 16-279-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP") filed this proceeding pursuant to 42 U.S.C. § 1983 against Parole Board Chairman Sheryl Ranatza challenging the Parole Board's procedures. He prays for a declaratory judgment and injunction stating that the Parole Board may not rely on judicial or law enforcement opposition to deny him parole.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v.*

*Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez*, *supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  See 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

 The plaintiff alleges that he has been denied parole based on "law enforcement and/or judicial objection."  Pursuant to *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the plaintiff is challenging the Parole Board's procedures.

 The plaintiff's reliance on *Wilkinson v. Dotson* is misplaced.  The Supreme Court did not hold that a prisoner's challenge to state parole procedures necessarily states a due process claim. *See id.* at 82.  Although a prisoner's challenge to a state's parole procedures may be brought under § 1983, the prisoner must show that those procedures created a liberty or property interest protected by the Due Process Clause.  *See, e.g., Grennier v. Frank,* 453 F.3d 442, 444 (7th Cir. 2006).

 It is well-settled that Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause, *Stevenson v. Louisiana Board of Parole*, 265 F.3d 1060 (5th Cir. 2001), and in the absence of such a liberty interest, a due process challenge to Parole Board procedures must fail.  *Id*. (holding that where a state does not create a protected liberty

interest in parole, inmates "are not entitled to challenge the procedures employed during their parole hearing under Due Process Clause"). *See also Hughes v. Owens*, 320 Fed. App'x 271 (5th Cir. 2009) (reliance on *Wilkinson v. Dotson* was misplaced as there was no state created liberty interest in parole); *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995). Accordingly, the plaintiff's Complaint does not state a claim cognizable in this Court.

## RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on September 23, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."